**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GERALD FLEMING, an individual; SERGIO MONTENEGRO, an individual; ROBERT MORALES, an individual; EDDIE RAMIREZ, an individual, on behalf of themselves and all other similarly situated, | No. 11-56836 <br><br> D.C. No. 5:10-cv-01487-RGK-OP |
| Plaintiffs - Appellants, | MEMORANDUM[*] |
| v. | |
| COVIDIEN, INC.; TYCO HEALTHCARE GROUP, L.P., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted August 27, 2013
Pasadena, California

Before: GOULD and RAWLINSON, Circuit Judges, and HUCK, District Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Paul C. Huck, United States District Judge for the Southern District of Florida, sitting by designation.

Appellants Gerald Fleming and his fellow class members seek reversal of the district court's attorneys' fee award. Appellants, the plaintiffs below, moved to certify two classes under California state law against, among others, Appellees Covidien, Inc. and Tyco Healthcare Group, L.P. (collectively, "Covidien"). The first class alleged that Covidien failed to pay "off-the-clock" wages in violation of California law; the second class alleged Covidien's wage statements were deficient because they did not include information required under Cal. Lab. Code § 226(a). The district court denied class certification of the off-the-clock wages class, but certified the defective wage statement class.

Appellants ultimately prevailed in a one-day bench trial on the defective wage statement class. The district court ordered that Covidien pay both $500,000 in penalties and class counsel's reasonable attorneys' fees. Class counsel moved for attorneys' fees, and asked to be compensated for 746.9 attorney hours and 56.7 paralegal hours for the wage statement claims. Class counsel provided time entries that detailed the nature of the work the attorneys performed and their respective billing rates. In total, Appellants sought attorneys' fees totaling $445,717.50 and paralegal fees totaling $7,087.50.

Covidien, for its part, stressed that Appellants prevailed on just a fraction of the original action, which consisted of "such simple issues and proof that

2

[Appellants] presented no witnesses and tried the case in less than a day." The off-the-clock claims, by contrast, "were the focus of discovery, asserted against two additional defendants, and litigated through class certification." And yet, Appellants "[sought] to impose on Covidien . . . approximately 85 percent of the total fees documented for the entire case." Covidien provided specific, detailed examples where Appellants purportedly overbilled on the wage statement claims.

The district court sided with Covidien, and awarded class counsel only $58,000 in fees and $2,000 in costs — 88% less than the fees they requested. The district court found it unlikely that class counsel devoted the vast majority of their hours (746.9 of 900 hours) to the wage statement claims, and only a small minority (150 hours) to the more complex unpaid off-the-clock claims. The district court alternatively held that even if class counsel did spend 750 hours litigating the wage statement claims, "the bulk of these hours were duplicative and inefficient," in light of the fact that "the number and character of the Labor Code violations [were] fairly easy to determine." Thus, the district court held that class counsel should be compensated for only 210 hours of attorney time and eight hours of paralegal time (a 70% reduction). The district court also reduced the hourly rate class counsel proposed. In the district court's view, the "case did not present a complicated issue that required particularly specialized expertise" because class counsel was

3

responsible solely for determining "the ways in which the wage statements were non-compliant under § 226 and the number of non-compliant wage statements." In the end, the district court found that $250 was a reasonable hourly rate, not the average of $512.50 per hour class counsel sought. Class counsel appealed the award, contending that the district court abused its discretion in failing to provide adequate reasons under Moreno v. City of Sacramento, 534 F.3d 1106 (9th Cir. 2008) (Kozinski, C.J.), in support of its 88% reduction of the requested fee application.

We agree. We recently made clear in Gonzalez v. City of Maywood NRS, ---- F.3d ----, 2013 WL 4779669, (9th Cir. Sept. 9, 2013), that "when a district court reduces either the number of hours or the lodestar by a certain percentage greater than 10%, it must provide a *clear and concise* explanation for why it chose the specific percentage to apply," *id.* at *1 (emphasis added). The greater the deviation from the 10% threshold, the "more specific articulation of the court's reasoning is expected." Moreno, 534 F.3d at 1111. The district court's reasoning falls short of this standard.

While the district court may well be correct that a 70% reduction amounts to a reasonable number of hours worked and that class counsel deserved a $250 hourly rate (not $512.50), the district court's vague reasoning puts us in a position

4

where we cannot meaningfully pass judgment on whether the court abused its discretion.  Moreno established that across-the-board percentage reductions — while useful for trimming the fat of an excessive fee application — will not do where the size of the reduction, as here, is more extensive than a haircut.  In order to properly review a percentage-based reduction — especially one that, as here, exceeds the 10% benchmark — a district court must, at the very least, provide a meaningful explanation of and rationale for the reduction.  See Gates v. Deukmejian, 987 F.2d 1392, 1400 (9th Cir. 1993) ("the use of percentages, in any case, neither discharges the district court from its responsibility to set forth a 'concise but clear' explanation of its reasons for choosing a given percentage reduction nor from its duty to independently review the applicant's fee request").

To be clear, we do not pass judgment on whether the district court, in fact, abused its discretion in arriving at its attorneys' fees award.  Rather, we remand only to provide the district court with an opportunity to more fully explain its reasoning in accordance with our circuit law.

**VACATED AND REMANDED.**